UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BRITTNIE REESMAN,

    Plaintiff,

v.                                                                 COMPLAINT
                                                                   Case Number: 25-1640

RITE-HITE HOLDING CORPORATION,

    Defendant.

Plaintiff, Brittnie Reesman, through her undersigned attorneys, in this Complaint alleges and shows to the Court as follows:

**NATURE OF THE CASE**

1. Plaintiff, Brittnie Reesman, alleges that Defendant, Rite-Hite Holding Corporation violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et seq.*] by interfering with her FMLA leave and taking adverse actions against her including termination of her employment because of her FMLA-protected absences.

**JURISDICTION AND VENUE**

2. Jurisdiction over Plaintiff's FMLA claims is conferred on this Court by 28 U.S.C. § 1331.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because Defendant resides in the Eastern District and its unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5. Plaintiff demands that her case be tried to a jury of her peers.

## PARTIES

6. Plaintiff, Brittnie Reesman ("Reesman"), is an adult who resides at 1303 Riva Ridge, Racine, WI 53402.

7. Defendant, Rite-Hite Holding Corporation ("Rite-Hite"), is a domestic corporation engaged in manufacturing, with its principal office located at 195 South Rite-Hite Way, Milwaukee, WI 53204.

## OPERATIVE FACTS

8. Reesman commenced employment with Rite-Hite on January 3, 2023, as the Office Services Supervisor.

9. Reesman reported to Sara Everts ("Everts").

10. During July 2024, Reesman received a satisfactory performance evaluation.

11. During September 2024, Reesman told Everts that she needed to take FMLA leave for medical appointments regarding a serious health condition.

12. In response to Reesman's request for FMLA leave to attend her medical appointments, Everts told Reesman she should not use FMLA for her appointments.

13. On September 13, 2024, Reesman went to Margie Lange ("Lange"), HR, and requested FMLA leave for medical appointments regarding a serious health condition during the time period of September 16, 2024 through March 16, 2025.

14. In response to Reesman's request for FMLA leave to attend her medical appointments. Lange told her to email her request to: benefits@ritehite.com.

15. Reesman had a neurology appointment scheduled on October 4, 2024 and expected to get her FMLA certification from her doctor at that time.

16. Reesman had phone and electronic communication with Rite-Hite about her upcoming neurology appointment, potential brain surgery, and plans to get her doctor's FMLA certification.

17. On October 3, 2024, Rite-Hite terminated Reesman's employment.

18. Rite-Hite documented Reesman's FMLA application as "pending" as of October 3, 2024.

19. Rite-Hite is covered by the FMLA.

20. Reesman was entitled to leave under the FMLA.

21. Reesman provided sufficient notice to Rite-Hite of her intent to take FMLA-qualifying leave.

22. Rite-Hite interfered with Reesman's exercise of her FMLA rights.

23. Reesman's protected conduct under the FMLA motivated Rite-Hite to terminate her employment.

24. Rite-Hite's termination of Reesman's employment has caused her monetary and non-monetary damages.

**FIRST COUNT**
**FAMILY AND MEDICAL LEAVE ACT**
**INTERFERENCE § 2615(a)(1)**

25. As and for a first count, Reesman re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

26. Rite-Hite deprived Reesman of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, Rite-Hite was covered by the FMLA, Reesman was entitled to leave under the FMLA, she provided Rite-Hite sufficient notice of her intent to take FMLA-qualifying leave, and Rite-Hite denied her FMLA benefits to which she was entitled.

27. The allegations more particularly described above regarding the intentional discriminatory practices of Rite-Hite, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

28. Rite-Hite's violation of 29 U.S.C. § 2615(a)(1) caused Reesman to suffer a loss of employment compensation and other damages.

**SECOND COUNT**
**FAMILY AND MEDICAL LEAVE ACT**
**RETALIATION § 2615(a)(2)**

29. As and for a second count, Reesman re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

30. Rite-Hite violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Reesman on account of her activity that would be protected by the FMLA.

31. The allegations more particularly described above regarding the intentional discriminatory practices of Rite-Hite, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

32. Rite-Hite's violation of 29 U.S.C. § 2615(a)(2) caused Reesman to suffer a loss of employment compensation and other damages.

WHEREFORE Plaintiff demands relief as follows:

A. Judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

B. judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses pursuant to 29 U.S.C. § 2617;

C. judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees pursuant to 29 U.S.C. § 2617;

D. judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

E. such other relief as the court deems just and equitable.

Dated this 26th day of October, 2025.

*Electronically signed by Alan C. Olson*
Alan C. Olson, SBN: 1008953
Nicholas O. Yurk, SBN:
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com
Email: NYurk@Employee-Advocates.com